

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Shoppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2456
Re: Under the Texas inheritance
tax law is the surviving
spouse entitled to a one-
half reimbursement for all
taxes on the deceased's
separate property
paid out of community funds
as a deduction.

We are in receipt of your letter of June 13, 1940,
in which you request an opinion of this department on the
following question contained therein:

"Mr. W. W. Cameron died a resident of Waco,
McLennan County, Texas, on or about the 18th day
of October, 1939. The greater part of Mr. Cameron's
estate was separate property although there was
some community property between the decedent and
his surviving widow, Helen M. Cameron.

"The representatives of the estate advise that
they are going to claim as a deduction against Mr.
Cameron's estate, a reimbursement for the benefit
of the surviving widow, Helen M. Cameron, one-half
of all taxes paid for with community funds for the
benefit of the decedents separate property.

"The question arises whether or not this is a
proper deduction against the estate of W. W. Cameron
under our inheritance tax statute."

The Texas inheritance tax is imposed upon the value
of the property that passes upon the death of a decedent. Cer-
tain specified deductions are allowed under the statute from
the value of the gross estate of the decedent, and after such

permissible deductions are made the remaining net estate
is taken as a basis for the tax. The deductions allowable
are set out in Article 7125 of the Revised Civil Statutes;
such statute reads, in part, as follows:

"The only deductions permissible under this
law are the debts due by the estate, * * *"

The answer to your question therefore depends on whether or
not the claim being made by the surviving widow against the
separate property of her husband is a valid one. If said claim
is a valid one then the same is in the classification of a debt
due by the estate and the deduction of the same from the gross
estate should be permitted under our Texas inheritance tax law.

The only time that the question of whether or not
the amount paid with community funds as taxes on the separate
property of one of the spouses is a charge in favor of the
community estate against such separate property was passed
on was in the case of Cervantes vs. Cervantes, 79 S. W. 790.
The facts in that case were that the husband had abandoned the
wife who had cared for the separate property of the husband
and had used community funds to erect improvements on such
separate property and had also used community funds to pay
the taxes on such property. The court held that the money
so expended was a legitimate charge in favor of the community
estate against the separate property of the husband, and
stated as follows:

"The funds used by Mrs. Cervantes to make
improvements on the separate property of her hus-
band were community funds, and it is the settled
law in Texas that the separate estate of one mem-
ber of the community must reimburse the community
for any proper improvements made in good faith upon
the separate property with community funds. Rice
v. Rice, 21 Tex. 58; Bond v. Hill, 37 Tex. 626;
Furrh v. Winston, 66 Tex. 521, 1 S. W. 527; Cameron
v. Fay, 55 Tex. 58; Clift v. Clift, 72 Tex. 144,
10 S. W. 338. In the case of Rice v. Rice, above
cited, the lots belonged to the husband, but the
improvements were made by the wife, and it was held
that the improvements belonged half to the husband
and one-half to the wife. So, in this case, the

Honorable George H. Sheppard, page 3

improvements made by Mrs. Cervantes on the property of her husband would be community property, and her children would be entitled to be reimbursed for one-half of the cost of such improvements.

"The question as to the taxes has been one of more difficulty than the improvements, and we have been unable to obtain any authority on the subject, but have concluded that the rules of justice and equity would be subserved and a correct principle enunciated in holding that, the taxes being paid by community funds, the children should have the benefit of one-half of the sum so expended. The taxes were expended to preserve the separate estate, and should be a charge upon it."

We have been unable to find where the courts have again passed on this question of money spent for payment of taxes. It seems entirely logical, as the court pointed out, that the proposition of law concerning money spent in the payment of taxes should be the same as money spent for improvements on the property. We make this comparison because the courts of this state have on numerous occasions announced this rule of law concerning money spent out of the community estate for improvements made on the separate property of one of the spouses.

The rule of law was stated by the Supreme Court of Texas in the case of Rice v. Rice, 21 S. W. 58. The Court, in an opinion written by Chief Justice Hemphill, stated as follows:

"But the verdict, so far as it finds the improvements on the lots to be community property, is correct only in a modified sense. They are fixtures, attached to the soil, and cannot in the nature of things be divisible in specie, where one of the joint owners has no interest in the land upon which they have been erected. Hence results the rule, that the community estate must be reimbursed for the cost of buildings erected, by joint labors or funds, upon

> the separate property of one of the spouses; and in effect, this vests the improvements in that spouse, and entitles the other to one-half of the cost."

The Supreme Court of Texas reaffirmed this rule of law in the case of Waelder v. Lambert, 44 S. W. 281. The court in an opinion by Chief Justice Gaines stated as follows:

> "It follows, as we think, that, upon partition of the property in controversy, the land was chargeable in favor of the community, with whatever the community may have contributed in labor and funds to its acquisition."

See also the cases of Jackson v. Jackson, 283 S. W. 923, by the Waco Court of Civil Appeals and Kyle v. Kyle, 55 S. W. (2nd) 885, by the Austin Court of Civil Appeals.

It is the opinion of this department, therefore, that in a case where community funds are expended in the payment of taxes against the separate property of one of the spouses the community estate has a claim against such separate property in the amount of money so expended.

You are therefore advised that in the case you present the surviving widow may have a legitimate and valid claim against the separate estate of the deceased for one-half of all the community funds expended in payment of taxes on such separate property.

The rule of law would of course have to be different if under the facts it appears that the surviving spouse made a gift to her husband during his life of her portion of the community funds which he spent in the payment of taxes on his separate property. It is a well settled rule of law in this state that such a gift may be made by a wife to her husband of her share of the community property. The rule is well stated in 23 Tex. Jur. 70, as follows:

> "Our community system is such that each spouse owns a moiety therein and holds either the legal or equitable title to the entire com-

munity, and the wife's title is usually purely equitable. Where the gift is of the community, it operates to vest in the donee the entire property as separate property, for it operates as a transfer of the title to the portion owned and a corresponding relinquishment of any possible community interest in the moiety belonging to the donee. Here again it is matter largely of intention to give, and the gift may be by express donation or by implication of fact or law."

You are advised therefore that it will depend upon the particular facts in this case as to whether or not the wife's share of the community funds expended in the payment of taxes upon the separate property of the husband were given to the husband as a gift by the wife at the time such funds were spent.

We trust that the above discussion will be sufficient to advise you as to the principles of law which should be applied in determining the validity of the deduction claimed in the case you submit.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Billy Goldberg*

Billy Goldberg
Assistant

BG:EP

APPROVED JUN 27, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN